UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

EUGENE SMITH,

                Plaintiff,

-against-                              9:15-CV-0137 (LEK/TWD)

P. PALMER, *et al.*,

                Defendants.

## ORDER

**I.    INTRODUCTION**

This matter comes before the Court following an Order and Report-Recommendation filed on November 3, 2016, by the Honorable Thérèse Wiley Dancks, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 41 ("Report-Recommendation"). Pro se Plaintiff Eugene Smith timely filed Objections. Dkt. No. 48 ("Objections").

**II.    LEGAL STANDARD**

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-0857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07, 306 n.2 (N.D.N.Y. 2008); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and

clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Otherwise, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

## III. DISCUSSION

Smith's Objections do not address the basis for Judge Dancks's decision, see Objs., which is that his suit is barred because he failed to exhaust his administrative remedies, Rep.-Rec. at 15–17. Accordingly, the Court has reviewed the Report-Recommendation for clear error and has found none.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 41) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Defendants' Motion for Summary Judgment (Dkt. No. 32) is **GRANTED** on the ground that Smith failed to exhaust his administrative remedies before commencing this action, and **DENIED** as to the merits of Smith's Eighth Amendment claim; and it is further

**ORDERED**, that Smith's Cross-Motion for Summary Judgment (Dkt. No. 37) is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: January 27, 2017
Albany, New York

Lawrence E. Kahn
U.S. District Judge